___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    **JS-6**

| | |
|---|---|
| Case No.: 8:24-cv-02277-FWS-JDE | Date: December 4, 2024 |
| Title: Amanda Cline v. Maserati North America, Inc., *et al.* | |

___

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15] AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT [16]**

    Plaintiff Amanda Cline brought this action against Defendant Maserati North America, Inc. ("MNA" or the "Manufacturer") in Orange County Superior Court, alleging that the 2023 Maserati Grecale she leased, which MNA manufactured, has defects in the electrical system, HVAC system, and engine.  (Dkt. 1-2 (Complaint) ¶¶ 6, 12.)  In the Complaint, Plaintiff asserted that MNA violated California's Song-Beverly Consumer Warranty Act and breached the express written warranty and implied warranty of merchantability.  (*Id.* ¶¶ 19-42.)  MNA removed the case, invoking diversity jurisdiction.  (Dkt. 1 (Notice of Removal) at 3.)  On November 5, 2024, Plaintiff filed a First Amended Complaint, adding as a party the dealership that leased Plaintiff the car, Maserati of Anaheim Hills (the "Dealership"), on Plaintiff's implied warranty claim.  (Dkt. 9 ("First Amended Complaint" or "FAC") ¶¶ 9, 38-42.)

    Now before the court are two motions: (1) Plaintiff's Motion to Remand, which argues that the addition of the Dealership as a Defendant destroys diversity jurisdiction, (Dkt. 15 ("Motion to Remand" or "MTR")), and (2) MNA's Motion to Strike Plaintiff's First Amended Complaint, which argues that the First Amended Complaint "is invalid, improperly filed, and the proposed joinder of [the Dealership] as a new party is an untenable and fraudulent effort to simply defeat diversity jurisdiction, (Dkt. 16 ("Motion to Strike" or "MTS") at 2).  Both of these motions are fully briefed.  (*See* Dkts. 20-23.)  The court finds these matters appropriate for

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No.: 8:24-cv-02277-FWS-JDE | Date: December 4, 2024 |
| Title: Amanda Cline v. Maserati North America, Inc., *et al.* | |

___

resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the hearing set for December 16, 2024, is **VACATED** and off calendar.  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion to Remand and **DENIES** the Motion to Strike.

**I.   Legal Standard**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  By statute, federal courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

"The procedural posture presented in this motion is somewhat unusual."  *Doyle v. Gen. Motors LLC*, 2020 WL 915887, at *1 (C.D. Cal. Feb. 25, 2020).  "Usually fraudulent joinder comes up when (a) a defendant removes, and argues that the citizenship of an apparently non-diverse defendant included in a state court pleading should be ignored for purposes of removal, or (b) a plaintiff asks the court for leave to add a non-diverse defendant.  *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff *seeks to* join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.") (emphasis added)."  *Id.*  "This case presents neither of these situations."  *Id.*  Instead, the parties were completely diverse in the pleading that was operative at the time the case was removed (the Complaint), and Plaintiff then amended her complaint in federal court to add a defendant that would destroy this court's diversity jurisdiction, without seeking leave to do so.  *See id.*  "The Court construes the motion to remand as a request for leave to join an additional defendant whose joinder would destroy subject matter jurisdiction, and to remand the action to the State court under 28 U.S.C. § 1447(e)."  *Id.*; *see Phifer v. Subaru of Am., Inc.*, 2023 WL 8845152, at *2 (C.D. Cal. Dec. 21, 2023) ("In cases

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

___

Case No.: 8:24-cv-02277-FWS-JDE   Date: December 4, 2024

Title: Amanda Cline v. Maserati North America, Inc., *et al.*

___

like this one—where a plaintiff joins a nondiverse defendant as a matter of course under Federal Rule of Civil Procedure 15(a)(1) after removal and then seeks remand—a growing number of district courts have construed motions to remand as requests for leave to join a nondiverse defendant under 28 U.S.C. § 1447(e).") (collecting cases).

Under 28 U.S.C. section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In a removed action where "diversity [is] the only basis for the court's subject matter jurisdiction, joinder of the non-diverse [parties] . . . divest[s] the court of jurisdiction." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374, 1377 (9th Cir. 1980)).  Whether to permit joinder of a party that will destroy diversity "is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *see Walker v. Glob. Mail, Inc.*, 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021) ("District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e).").

**II.     Discussion**

In exercising their discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e), courts consider factors including: (1) whether the party sought to be joined is needed for just adjudication and would be joined under FRCP 19(a), (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder, (3) whether there has been unexplained delay in seeking joinder, (4) whether the joinder is solely for the purpose of defeating federal jurisdiction, (5) whether the claim against the new party seems valid, and (6) the possible prejudice that may result if amendment is denied. *Pickering v. FCA US LLC*, 2021 WL 5968454, at *1 (C.D. Cal. Apr. 12, 2021).  The court considers each factor in turn.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

Case No.: 8:24-cv-02277-FWS-JDE                                   Date: December 4, 2024
Title: Amanda Cline v. Maserati North America, Inc., *et al.*

### A.      Extent the Dealership is Needed for Just Adjudication

Regarding the first factor, which "contemplates whether joinder of a nondiverse party is needed for a just adjudication," "[w]hat is considered a necessary joinder under Section 1447(e) is less restrictive than the related standard under Federal Rule of Civil Procedure 19." *Phifer*, 2023 WL 8845152, at *3 (citing *Dordoni v. FCA US LLC*, 2020 WL 6082132, at *3 (C.D. Cal. Oct. 15, 2020)). "Under Section 1447(e), joinder of a person is necessary when it will avoid separate and redundant actions." *Id.*

The court finds this factor weighs in favor of allowing joinder here because "[t]he claims asserted against both [the Manufacturer] and [the Dealership] involve the same car, the same alleged defects in that car, and the same attempts to repair that car, and will likely require many of the same documents and witnesses and turn on many of the same legal and factual questions." *Doyle*, 2020 WL 915887, at *2 (citing *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016)); *Flores v. Nissan N. Am., Inc.*, 2022 WL 1469424, at *3 (C.D. Cal. May 9, 2022) ("Denying joinder of [dealership] Downey here would lead to separate and redundant actions, and this factor therefore weighs in favor of joinder."); *Marin v. FCA US LLC*, 2021 WL 5232652, at *2 (C.D. Cal. Nov. 9, 2021) ("Here, Plaintiff's claims against the manufacturer FCA and the dealership BCDJR arise from the same vehicle, the same alleged defects in that vehicle, and the same ultimately failed attempts to repair the vehicle. BCDJR can therefore be considered directly related to Plaintiff's claimed injury and his claims against FCA, and not only tangentially related to those claims. Furthermore, resolution of the claims would require many of the same documents and witnesses and implicate many of the same factual and legal issues. Therefore, were joinder denied and Plaintiff required to pursue his claim against BCDJR in a separate action in state court, that action would be redundant to this action. This factor weighs in favor of granting the amendment."); *Gonzalez v. Ford Motor Co.*, 2021 WL 4786452, at *3 (C.D. Cal. Oct. 14, 2021) (finding "this factor weighs in favor of permitting joinder" because "failure to join Caruso Ford would lead to separate and redundant actions, and [] Caruso Ford is necessary for the efficient and just adjudication of this action"). Indeed, "[w]here, as here, the breach of warranty claims against the manufacturer and dealership arise from the same vehicle and alleged defects, California district courts have held that the dealership is 'necessary for just adjudication' of the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02277-FWS-JDE                                   Date: December 4, 2024
Title: Amanda Cline v. Maserati North America, Inc., *et al.*

___

claims and thus was properly joined." *Torres v. Ford Motor Co.*, 2018 WL 4182487, at *2 (C.D. Cal. Aug. 30, 2018).

    **B.**    **Statute of Limitations**

"If a plaintiff could file an action against the joined defendant in state court, then there is less reason to permit joinder under § 1447(e)." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). "Because Plaintiff would not be time-barred from filing a new action against [the Dealership] in state court, this factor weighs against joinder." *Flores*, 2022 WL 1469424, at *3; *see Gonzalez*, 2021 WL 4786452, at *4 ("Plaintiff does not argue that her claim against Caruso Ford is time-barred. Accordingly, Court concludes that this factor does not support joinder."); (*see* Dkt. 21 at 6 ("Based on the allegations in the complaint, the Subject Vehicle is a 2023 model year. Therefore, the statute of limitations cannot be factor.")).

    **C.**    **Unexplained Delay**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. Here, the court observes Plaintiff amended her Complaint to add the Dealership less than two months after filing the Complaint, and just over two weeks after removal. (*Compare* Complaint *with* FAC.) Accordingly, the court finds this factor weighs in favor of allowing joinder. *See Doyle*, 2020 WL 915887, at *3 (finding this factor weighed in favor of permitting amendment when "Plaintiffs amended their complaint to add Martin Chevrolet less than two months after filing the complaint, and less than one month after removal"); *Phifer*, 2023 WL 8845152, at *3 (same when, "[a]lthough there was some delay between when the Phifers filed their original complaint and joined DCH Riverside—two months and two days to be exact— this delay was minimal and hardly unreasonable"); *Flores*, 2022 WL 1469424, at *3 ("Here, Plaintiff filed the FAC to include a claim against Downey less than three weeks after the case was removed to federal court. Plaintiff's amendment was therefore timely. This factor therefore favors permitting joinder.") (citations omitted); *Pickering*, 2021 WL 5968454, at *2 ("There is no significant delay in Plaintiff's attempt to add Glendora CDJR. He moved for leave to amend only 49 days after he initially filed suit and 20 days after FCA removed the case.");

___

**CIVIL MINUTES – GENERAL**                                                                                   5

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.: 8:24-cv-02277-FWS-JDE    Date: December 4, 2024
Title: Amanda Cline v. Maserati North America, Inc., *et al.*

___

*Marin*, 2021 WL 5232652, at *2 (C.D. Cal. Nov. 9, 2021) ("find[ing] no undue delay" when "Plaintiff filed this motion about 5 months after he filed the original Complaint in state court and about 4 months after FCA removed it"); *Gonzalez*, 2021 WL 4786452, at *3 ("Plaintiff filed her First Amended Complaint only 42 days after she filed her initial Complaint and only 10 days after Ford filed its Notice of Removal. Thus, the Court concludes that Plaintiff filed the First Amended Complaint in a timely fashion."); *Forward-Rossi*, 2016 WL 3396925, at *3 (concluding this factor supported allowing amendment even where the plaintiff sought leave to amend five months after filing the initial complaint and four months after removal).

### D.    Whether Joinder is Solely for Purpose of Defeating Federal Jurisdiction

Although "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint, . . . suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Marin*, 2021 WL 5232652, at *3 (cleaned up). "The circumstances in this case suggest that Plaintiff's primary motivation in amending the Complaint was to defeat diversity jurisdiction." *Gonzalez*, 2021 WL 4786452, at *3. However, "it is not readily apparent that it is the sole motivation, particularly because there is a seemingly valid claim" against the Dealership, as explained in the next section. *Id.*; *see also Phifer*, 2023 WL 8845152, at *4 ("Because Subaru failed to carry its burden of showing the negligent repair claim is not valid, Subaru has also failed to carry its burden of showing the Phifers' sole purpose of joining DCH Riverside was to destroy diversity jurisdiction."). Accordingly, the court finds "this factor weighs minimally against permitting joinder." *Gonzalez*, 2021 WL 4786452, at *3; *Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 7338404, at *3 (C.D. Cal. Dec. 19, 2016) ("While the circumstances in this case suggest that one of Plaintiff's motivations is to defeat jurisdiction, we cannot say that is the sole motivation, especially where there is a seemingly valid claim against the non-diverse defendant. Overall, Plaintiff's motivation weighs somewhat against joinder.").

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02277-FWS-JDE       Date: December 4, 2024
Title: Amanda Cline v. Maserati North America, Inc., *et al.*

___

### E.  Validity of Claim

"For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be plausible nor stated with particularly." *Reyes v. FCA US LLC*, 2020 WL 7224286 at *8 (E.D. Cal. Dec. 8, 2020) (citing *Dordoni v. FCA US LLC*, 2020 WL 6082132 at *5 (C.D. Cal. Oct. 15, 2020)); *see also Stout v. Int'l Bus. Machines Corp.*, 2016 WL 4528958, at *8 (C.D. Cal. Aug. 30, 2016) ("In considering the fifth factor, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.") (citation omitted). "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (citation omitted); *see also Marin v. FCA US LLC*, 2021 WL 5232652 at *3 (C.D. Cal. Nov. 9, 2021) (internal quotations and citations omitted) ("[M]erely a glimmer of hope that plaintiff can establish [a] claim is sufficient[.]").

In this case, the court finds Plaintiff's implied warranty claim against the Dealership appears at least facially valid. *See Martinez v. FCA US LLC*, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020) ("Plaintiff has adequately stated a claim [against the dealership] for a breach of the implied warranty of merchantability under California law."); *Delafontaine*, 2016 WL 7338404, at *3 ("We conclude that at least one of Plaintiff's claims against the Dealer Defendant seems valid: breach of the implied warranty of merchantability."). The court therefore concludes this factor weighs in favor of permitting joinder.

### F.  Prejudice

"In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel in state and federal court proceedings or would lead the plaintiff to forgo claims against the non-diverse defendants." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1286 (C.D. Cal. 2015) (citing cases). "Where claims against parties sought to be joined in an action arise out of the same factual circumstances, it is

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.: 8:24-cv-02277-FWS-JDE  Date: December 4, 2024
Title: Amanda Cline v. Maserati North America, Inc., *et al.*

in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once and to force the plaintiffs to proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice." *Gonzalez*, 2021 WL 4786452, at *4 (internal quotations omitted).

Here, "if the Court were to deny Plaintiff's Motion for Remand, Plaintiff would have to proceed with separate litigation against [the Dealership] in state court. Thus, Plaintiff would be forced to incur significant expenses associated with pursuing similar litigation in two separate forums thereby prejudicing Plaintiff. Accordingly, the Court concludes that this factor weighs in favor of permitting joinder." *Gonzalez*, 2021 WL 4786452, at *4; *see Forward-Rossi*, 2016 WL 3396925, at *5 n.2 ("If the Court were to deny plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against [the manufacturer] before this Court and an action against [the dealership] in California state court."); *see also Doyle*, 2020 WL 915887, at *3 ("The Court further observes that justice and fundamental fairness would not be served by requiring parallel and overlapping actions in state court against Martin Chevrolet, and federal court against GM."); *Delafontaine*, 2016 WL 7338404, at *4 ("Here, it would prejudice the Plaintiff and waste judicial resources to conduct parallel litigation in state court against the Dealer Defendant."). Thus, the court concludes that this factor weighs in favor of allowing Plaintiff to join the Dealership as a defendant.

### G. Summary

On balance, the court finds the relevant factors weigh in favor of permitting Plaintiff to join the Dealership as a defendant.[1] *See, e.g.*, *Pickering*, 2021 WL 5968454, at *3 ("While

---

[1] The court notes that "[s]ome district courts have analyzed additional factors as well." *Pickering*, 2021 WL 5968454, at *1 (citing *Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1278 (C.D. Cal. 2015) (considering also "the closeness of the relationship between the new and the old parties," "the effect of an amendment on the court's jurisdiction," and "the new party's notice of the pending action")). Considering these additional factors does not change the court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02277-FWS-JDE                               Date: December 4, 2024

Title: Amanda Cline v. Maserati North America, Inc., *et al.*

Plaintiff's explanation for addition of Glendora CDJR to the action at this stage at least suggests that he may, in fact, be doing so because of its impact on this Court's jurisdiction, this is not enough of an overriding factor in this case to require denying him the amendment."). Accordingly, the court will permit Plaintiff to amend her complaint to add the Dealership as a defendant, and therefore **DENIES** the Motion to Strike.

Permitting joinder of the Dealership, which is a California citizen like Plaintiff, destroys the court's diversity jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Without complete diversity, the court must remand this case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the court **GRANTS** the Motion to Remand.

### III. Disposition

For the reasons stated above, the court **GRANTS** the Motion to Remand and **DENIES** the Motion to Strike. This case is **REMANDED** to Orange County Superior Court as case number 30-2024-01425072-CU-BC-CJC.

Initials of Deputy Clerk:  mku

**CIVIL MINUTES – GENERAL**                                                                                           9